IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MIDFIRST BANK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-cv-00127** |
| | § | |
| **DAVID WAYNE MERCHANT,** | § | |
| | § | |
| **Defendants** | § | |

## MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF

COMES NOW, Plaintiff MidFirst Bank ("Plaintiff" or "MidFirst"), by and through its undersigned counsel, on behalf of itself and its successors in interests, hereby filed this its *Motion for Default Judgment and Brief in Support Thereof* as to Defendant David Wayne Merchant and respectfully shows unto the Court as follows:

1.      Plaintiff filed its Original Complaint against Defendant David Wayne Merchant ("Defendant") on April 26, 2023. [ECF Doc. No. 1].

2.      Defendant was served with a copy of Plaintiff's Original Complaint and the summons via personal service on May 11, 2023, at 9218 San Jose Avenue, Texas City, Texas 77591. [ECF Docket No. 6]. His answer or other response to the Original Complaint was due on June 1, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3.      Plaintiff filed a request for that the clerk enter default against Defendant because he did not file a responsive pleading within twenty-one (21) days after service of the Original Complaint.  *See* FED. R. CIV. P. 12(a)(1)(A)(i). [ECF Doc. No. 7].

4.      Defendant has not otherwise attempted to defend against the Original Complaint. *See* FED. R. CIV. P. 55

5.	The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6.	Defendant is not on active-duty military status. *See* **Exhibit A-1**.

7.	Plaintiff now asks the Court to render Default Judgment as to Defendant David Wayne Merchant.

## II.   LEGAL STANDARD

8.	Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

9.	The Court should render a default judgment against Defendant because he did not file a responsive pleading or otherwise defend the claims against him. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

10.     With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* Fed. R. Civ. P. 54(c); *See also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

11.     Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff, as the owner and holder of the Note, and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 9218 San Jose Avenue, Texas City, Texas 77591-2922 (the "Property"), and more particularly described as:

> LOT ELEVEN (11), IN BLOCK THREE (3), OF SECTION ONE, FREEWAY PARK, (1), A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 254-A, PAGE 83, IN THE OFFICE OF THE COUNTY CLERK OF GALVESTON COUNTY, TEXAS.

Therefore, no hearing is necessary to establish of Plaintiff's damages.

12.     In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

13.     The Complaint alleges that on or about June 22, 2004, Decedent Homer L. Merchant and Decedent Rosie M. Merchant (collectively "Decedents" or "Borrowers") executed that certain Note ("Note"), originally payable to Harbor Financial Mortgage Corporation ("Harbor Financial") as lender on a loan secured by the Property. [*See* ECF Docket No. 1 at ¶ 14].

14.     Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* ("Security Instrument"" and together with the Note, "Loan Agreement"), as grantors, granting Harbor Financial, its successors and assigns, a security interest in the Property. The Security Instrument was recorded on May 6, 1996, in the Official Public Records of Galveston County, Texas, as Instrument Number 9617803. [*See* ECF Docket No. 1 at ¶ 15].

15.     Plaintiff further alleges that it is the current holder of the Note, the mortgagee of the Deed of Trust, and it has standing to enforce the terms of the Deed of Trust. [*See* ECF Docket No. 1 at ¶¶ 18].

16.     Decedents passed away. Upon information and belief, no probate was ever opened for either Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendant, who is the sole heir of the Decedents acquired all of her interest in the Property immediately upon their respective deaths, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶¶ 19-20].

17.     Borrowers failed to abide by the terms of the Loan Agreement and make required payments under the same. [*See* ECF Docket No. 1 at ¶ 23]. A notice of default and intent to accelerate was provided in accordance with § 51.002(d) of the Texas Property Code, but the default was not cured. [*See* Id.]. As a result, the maturity of the debt was accelerated on August 25, 2022 [*See* ECF Docket No. 1 at ¶ 24]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

18.     Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees is to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Borrower under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendant David Wayne Merchant, on all claims asserted against him in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendant for court costs;

b. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff may foreclose on Defendant's interest on the Property pursuant to the Deed of Trust and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: _/s/ Sarah Sibley Cox_
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com
**SARAH SIBLEY COX**
Of Counsel
State Bar No. 24043439
Southern District Admission #39086
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 10, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**<u>Via First Class U.S. Mail</u>**
**<u>and CMRRR: 93147699043001108295</u>**
David Wayne Merchant
9218 San Jose Avenue
Texas City, Texas 77591

*/s/ Sarah Sibley Cox*
**SARAH SIBLEY COX**